IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| U.S. Specialty Insurance Company | * | |
| | * | |
| Plaintiff | * | |
| V. | * | |
| | * | NO: 4:13CV00445 SWW |
| Garison Constructors of Arkansas LLC | * | |
| | * | |
| Defendant | * | |

## ORDER

Plaintiff U.S. Specialty Insurance Company ("U.S. Specialty") brings this contract dispute pursuant to the Court's diversity jurisdiction against Garison Constructors of Arkansas LLC ("Garison").[1] By previous order, the Court directed the Clerk to enter default against Garison for failure to answer the complaint or make an appearance. However, the Court held U.S. Specialty's motion for default judgment (ECF No. 12) in abeyance pending further proof of damages.[2] U.S. Specialty has now supplemented its proof of damages (ECF Nos. 22, 23), and Garison has failed to respond. After careful consideration, and for reasons that follow, the motion for default judgment is granted.

The following facts, alleged in the complaint, are deemed admitted. U.S. Specialty

---

[1] Plaintiff also named Andrew Garison and Kay Garison as defendants, but the Court administratively terminated claims against these individual defendants pursuant to a bankruptcy stay.

[2] Federal Rule of Civil Procedure 55(b)(1) provides that after a default has been entered for failure to appear, the clerk may enter a judgment by default when the claim is for "a sum certain or for a sum which can by computation be made certain." Fed. R. Civ. P. 55(b)(1). If the judgment sought is not for a sum certain, Rule 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" in order to "enable the court to enter judgment." Fed. R. Civ. P. 55(b)(2).

issued performance and payment bonds ("Bonds") on behalf of Garison in connection with several construction projects ("Construction Projects"), and Garison executed an indemnification agreement ("Indemnification Agreement") that indemnifies U.S. Specialty against losses under the Bonds.  Subsequently, Garison failed to pay a number of subcontractors and suppliers who supplied services or material for the Construction Projects.  Many of the subcontractors and suppliers who were not paid asserted claims against the Bonds, which caused U.S. Specialty to incur losses. Garison Constructors refused to fulfill its obligations under the Indemnification Agreement and  all conditions precedent to U.S. Specialty's right to indemnification have been satisfied.   By way of relief, U.S. Specialty seeks payment of all losses, including attorney's fees, costs, and expenses.

The Indemnity Agreement provides that in the event of payment by the surety under the Bonds, an itemized statement of the amount of payment, sworn to by any officer or authorized representative of the surety, shall be *prima facie* evidence of the amount of such payment and the extent of liability of the indemnitor.  See ECF No. 1, Ex. #1.  In support of its motion for default judgment, U.S. Specialty presents two affidavits by Patrick F. Laverty, a senior bond claims attorney for HCC Surety Group, of which U.S. Specialty is a member.  See ECF Nos. 12-3, 22.  Laverty testifies that he investigated the subcontractor/supplier claims made against the Bonds and remitted payments for valid claims.  Laverty presents a itemized payment statement that includes, among other things, the name of each payee and the amount of each payment related to specific construction projects.  The statement shows that U.S. Specialty paid a total $320,571.87 in claims.

In addition to making payments made to subcontractors and suppliers, U.S. Specialty

incurred the cost of fees and expenses to investigate and resolve claims and pursue reimbursement from Garison. Laverty testifies that U.S. Specialty incurred attorney's fees, costs, and expenses totaling $39,852.25, and he provides an itemized statement documenting the same. U.S. Specialty also provides the affidavit of attorney Gregory M. Weinstein, who testifies that the fees, expenses, and costs requested are reasonable.

According to the evidence presented, U.S. Specialty's total loss under the Bonds is $360,424.14. Garison has failed to respond to U.S. Specialty's claim for damages, and the Court finds that U.S. Specialty has established that it is entitled to total damages in the amount to $360,424.14.[3]

IT IS THEREFORE ORDERED that Plaintiff's motion for default judgment (ECF No. 12) is granted. Judgment awarding damages in the amount of $360,424.14, plus post-judgment interest provided by law, shall be entered together with this order.

IT IS SO ORDERED THIS 22ND DAY OF SEPTEMBER, 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[3] Although Garison failed to make an appearance in this case after receiving service of the complaint and summons, the Court has repeatedly attempted to provide the company notice of U.S. Specialty's claim and an opportunity to respond. However, the Court's orders, mailed by regular mail and certified mail, return receipt requested, have been returned to the Court as undeliverable.